IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMIAH VAUGHN GREGORY, JR.,<br><br>Defendant. | ORDER REGARDING REQUEST TO APPEAL *IN FORMA PAUPERIS* WITH REIMBURSEMENT OF EXPENSES<br><br>Case No. 2:05-CR-00893 PGC |

At his sentencing hearing on August 23, 2007, defendant Jeremiah Vaughn Gregory, Jr. presented the court with a proposed order [#85], which the court now construes as a motion. In this document, Mr. Gregory requests permission to proceed *in forma pauperis* for purposes of his appeal under Federal Rule of Criminal Procedure 32(j)(1)(C). Additionally, pursuant to 18 U.S.C. § 3006A(d)(1), he asks for reimbursement of his appellate expenses as if he were a court-appointed attorney. After carefully reviewing Mr. Gregory's motion, the court GRANTS it insofar as permitting him to proceed *in forma pauperis* on appeal, but DENIES it insofar as authorizing reimbursement of his appellate expenses.

*(A)  Permission to Proceed In Forma Pauperis On Appeal*

On February 21, 2007, United States Magistrate Judge Brooke C. Wells appointed

counsel to represent Mr. Gregory in this action.[1]  Counsel was appointed because Mr. Gregory's financial affidavit demonstrated that he could not afford representation himself.[2]  Now, even though Mr. Gregory is proceeding pro se, he remains indigent.  Also, the court recently granted his request to enter a notice of appeal on his behalf.[3]

Accordingly, it is hereby ORDERED that Mr. Gregory be permitted to proceed *in forma pauperis* for purposes of his appeal.

*(B)  Reimbursement of Appellate Expenses*

Mr. Gregory bases his request for reimbursement of his appellate expenses on 18 U.S.C. § 3006A(d)(1), which provides in part that "[a]ttorneys may be reimbursed for expenses reasonably incurred."[4]  In *United States v. McElhiney*, however, the Tenth Circuit expressly held that "[t]he plain language of this provision clearly limits reimbursement to expenses incurred by court-appointed attorneys and cannot reasonably be read to allow reimbursement to pro se criminal defendants."[5]  In so holding, the Circuit agreed with the position that "'the purpose of th[e] reimbursement provision is to prevent the uncompensated servitude of attorneys appointed to aid in the representation of indigent persons.'"[6]

In the present case, the court was inclined to grant Mr. Gregory's § 3006A(d)(1) request

---

[1] *See* Minute Entry of Feb. 21, 2007 (Docket No. 8).

[2] *See* Def.'s Financial Affidavit (Docket No. 7).

[3] *See* Def.'s Notice of Appeal (Docket No. 83).

[4] 18 U.S.C. § 3006A(d)(1).

[5] 369 F.3d 1168, 1170 (10th Cir. 2004).

[6] *Id.* (quoting *Green v. United States*, 323 F.3d 1100, 1104 (8th Cir. 2003)).

until encountering the *McElhiney* decision.  But in light of this precedent, the court has no choice but to DENY Mr. Gregory's request for reimbursement of his appellate costs.

In sum, then, the court GRANTS Mr. Gregory's motion [#85] insofar as allowing him to proceed *in forma pauperis* on appeal, but DENIES it insofar as permitting any reimbursement of his appellate expenses.

Dated this 7th day of September, 2007.

BY THE COURT:

_____

Paul G. Cassell
United States District Judge